ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| MARTÍN GUILLERMO GONZÁLEZ VÉLEZ, Peticionaria, v. LAURA COLÓN NEGRÓN, Recurrida. | TA2025CE00562 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce. Civil núm.: PO2025CV00765. Sobre: liquidación de comunidad de bienes. |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de octubre de 2025.

El 6 de octubre de 2025, el peticionario, señor Martín Guillermo González Vélez (señor González), instó este recurso con el fin de que este Tribunal revoque la resolución[1] dictada y notificada por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 5 de septiembre de 2025. En ella, el foro primario denegó la solicitud del peticionario relacionada con la concesión de una renta por el presunto uso exclusivo de ciertas propiedades inmuebles por parte de la recurrida.

El 20 de octubre de 2025, la recurrida, señora Laura J. Colón Negrón (señora Colón), presentó su oposición a la expedición del auto.

Examinadas las sendas posturas de las partes litigantes, así como el expediente electrónico de este caso y del caso de relaciones de familia que litigan las mismas partes[2], este Tribunal deniega la expedición del auto.

---

[1] La resolución fue intitulada *Orden a las Partes*; apéndice del recurso, entrada núm. 20.

[2] En su petición de *certiorari*, nota al calce núm. 9, el peticionario solicitó que tomáramos conocimiento judicial del expediente electrónico PO**2025**RF00460. Este alfanumérico no corresponde al caso de relaciones de familia. Una búsqueda en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC TPI) reflejó que el alfanumérico correcto es el **PO2022RF00460**. Ese es el caso que comenzó como un proceso de divorcio y en el que el foro primario dilucida activa y vigorosamente (SUMAC TPI refleja, al 16 de octubre de 2025, un total de 419 entradas) el tema de la pensión alimentaria para beneficio de los dos hijos habidos en el matrimonio ya disuelto entre la señora Colón y el señor González.

I

Como antecedente a la controversia planteada en este recurso, nos remitimos al divorcio por la causal de ruptura irreparable entre las partes litigantes, el cual fue decretado mediante la *Sentencia* dictada el 17 de enero de 2023, notificada el 17 de marzo de 2023. De ella surge que los señores Colón y González, previo a contraer matrimonio, suscribieron una escritura de capitulaciones matrimoniales, lo que implicó que en su relación imperaba una total separación de bienes.

No obstante, durante la vigencia del matrimonio, los señores Colón y González adquirieron, entre otros bienes y obligaciones, dos inmuebles: una finca rústica, que ubica en el Municipio de Lajas, y una residencia, que ubica en Juana Díaz. En esta última, reside la señora Colón con los dos hijos menores procreados con el señor González.

En este pleito, el señor González solicita la liquidación de la comunidad de bienes que presuntamente se creó entre las partes en cuanto a los bienes y obligaciones adquiridos por ellos durante la vigencia del matrimonio.

En cuanto a la controversia que presenta ante este Tribunal el señor González, esta se limita a la solicitud de una orden provisional[3] para que la señora Colón le adelante la cantidad de $10,000.00, en concepto de las supuestas rentas que generan las dos propiedades inmuebles antes mencionadas (i.e., la finca rústica no habitada, ni alquilada, en Lajas; y, la residencia en la que convive la señora Colón con los dos hijos de la pareja[4]). Además, por vía de una orden provisional, el señor González solicita que el foro primario establezca una renta mensual en concepto del uso de ambos inmuebles, cuya mitad le correspondería en derecho.

---

[3] Si bien el señor González discute ampliamente los criterios para conceder un *injunction* preliminar al amparo de la Regla 57.3 de Procedimiento Civil, 32 LPRA Ap. V, lo cierto es que lo solicitado al foro primario fue una orden provisional al amparo de la Regla 56 de Procedimiento Civil.

[4] Conforme surge del expediente judicial del caso de relaciones de familia, el tema de la pensión alimentaria a favor de los menores de edad está sujeto a una vista final ante la Oficial Examinadora asignada por el tribunal y se encuentra en la etapa de descubrimiento de prueba.

Evaluadas las múltiples mociones al respecto presentadas por las partes litigantes, el foro primario emitió la resolución objeto de revisión y denegó "por el momento" la solicitud del señor González.

II

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR ___ (2025).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso

de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

### III

Evaluada la petición de *certiorari*, así como el tracto procesal del caso ante el foro primario, - tanto en el caso de autos como en el caso de relaciones de familia - a la luz del derecho aplicable, este Tribunal concluye que la parte peticionaria, señor González Vélez, no logró establecer que el foro primario hubiera incurrido en error alguno que justifique nuestra intervención en esta etapa de los procedimientos. Afirmamos que, en cuanto a este último asunto, no concurren los criterios establecidos en la Regla 40 de este Tribunal, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025), para expedir el auto de *certiorari*.

### IV

A la luz de todo lo antes expuesto, este Tribunal **deniega** la expedición del recurso de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
